IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. PITTS, JR., #M13166, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY WILLIS, STATE OF ILLINOIS, J.B. PRITZKER, ROB JEFFREYS, WEXFORD HEALTH SOURCES, INC., and SHEILA M. RAMSEY, <br><br> Defendants. | Case No. 20-cv-01347-NJR |

## MEMORANDUM AND ORDER

**RO[1]SENSTENGEL, Chief Judge:**

Plaintiff John R. Pitts, Jr, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pitts claims that in August and September 2020 officials at Menard failed to provide him with medical treatment or testing for what he believes was a COVID-19 infection.

The Amended Complaint (Docs. 12 and 12-1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief

---

[1] Before the Court could complete screening of Pitts's original Complaint (Doc. 1), Pitts submitted an Amended Complaint and a "Statement of Intent" (Docs. 12 and 12-1).

may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009**).**

## THE COMPLAINT

Pitts claims that on August 21, 2020, he submitted a medical request concerning suspected COVID-19 symptoms (body aches, loss of taste and smell, chills, and hot flashes). After receiving no response, Pitts submitted two additional medical requests, including a request for COVID-19 testing. After again receiving no response, Pitts began submitting grievances regarding his unanswered medical requests. When Pitts checked with "the counselor" regarding his grievances, she claimed that she could not locate them. Pitts claims that Defendants violated his Eighth Amendment rights and state law by failing to address his medical requests and by failing to follow COVID-19 safety protocols.

## DISCUSSION

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 547 (2007). The plausible allegations must be made against individuals, and when a plaintiff does nothing but state that a group of individuals harmed him without providing more, all he has done is establish that there is a "sheer possibility" that someone in that group harmed him.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"). Additionally, to state a viable Section 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Vill. of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Here, Pitts has failed to state a claim pursuant to Section 1983 for constitutional violations. Pitts does not associate his allegations with any particular defendant. Instead, his claims are directed at "medical staff," "correctional officers," and "the counselor." Moreover, none of the defendants identified in the case caption are mentioned in the body of the Amended Complaint. This is insufficient. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (without identifying who is responsible for the alleged violation, the Complaint does not provide the type of notice contemplated under Rule 8); *Chavez v. Ill. State Police,* 251 F. 3d 612, 651 (2001) (defendants cannot be held liable based solely on their positions as administrators or supervisors under Section 1983); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (plaintiff cannot state a claim against a defendant by including the defendant's name in the caption).

Therefore, the Amended Complaint will be dismissed without prejudice and with leave to amend.

#### RECRUITMENT OF COUNSEL

Pitts has filed a Motion for Recruitment of Counsel (Doc. 13), which is **DENIED**.[2] Pitts has not demonstrated reasonable attempts to obtain counsel before seeking the Court's assistance. Pitts states in his motion that he contacted one attorney, Jeffrey R. Schmitt, who informed Pitts he would not be available to represent him in this case. This level of effort is insufficient to compel the Court to request a court-appointed attorney. To prove that he has made reasonable efforts to find a lawyer, Pitts must give the Court the names and addresses of at least three lawyers that he asked to represent him in this case and who turned him down. Moreover, Pitts's motion and pleadings filed to date do not indicate that he is unable to represent himself at this time. Pitts's pleadings demonstrate an ability to construct coherent sentences and communicate clearly with the Court. Accordingly, although the instant complaint lacks sufficient detail as to who allegedly violated Pitts's constitutional rights, he appears capable of drafting an amended complaint without the assistance of counsel. Therefore, Pitts's Motion for Recruitment of Counsel is denied without prejudice.

#### DISPOSITION

Pitts's Amended Complaint (Doc. 12) is **DISMISSED without prejudice** for failure to state a claim. Pitts's Motion for Status (Doc. 11) is **DENIED as moot**.

Pitts is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 21, 2021**. Should he fail to file his Second Amended Complaint within the allotted time or

---

[2] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Pitts must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Pitts file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. Further, Pitts should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

Pitts is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable,

regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Pitts is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:   5/17/2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**